## HORACE WHITE et al. versus OLIVER MOSELEY et al.

In trespass for breaking the plaintiffs' close and destroying their mill dam, it was *held* that evidence of a trespass committed on a part of the dam which was without the close described, was inadmissible.

TRESPASS for breaking and entering the plaintiffs' close, called the *mill lot*, and destroying their mill dam standing in and extending across Agawam river, by reason whereof the water was diverted from their grist-mill.

In support of their action, the plaintiffs exhibited their title to the mill lot and stream of water.    The mill lot and mill stream were on the northern side of the river.    The dam extended across.    The plaintiffs offered to prove that the defendants came to the river, below the mill ; that thirteen of them went across the river to the south side, and pulled up about a hundred feet of the dam south of the thread of the river, and then returned to the side on which the mill stood ; that they then went up to and about the mill, and that one of

the defendants, who did not cross the river, stood on the mill lot while the others were pulling up the dam, and gave directions to them when to desist. The defendants objected to evidence of the destruction of any part of the dam south of the thread of the river, because it was not contained in the description in the plaintiffs' declaration, nor in the original grant from the town of Springfield of the mill lot and the stream. And *Morton* J., who tried the cause, ruled accord ingly. If this direction was wrong, a new trial was to be granted

The jury returned a verdict for the plaintiffs for nominal damages only, for the entry of the defendants on the north side of the river.

*Lathrop* and *Bates*, for the plaintiffs, cited *Durgin* v. *Leighton*, 10 Mass. R. 56, (Rand's ed. 62, n. a.)

*Mills* and *Ashmun*, on the other side, admitted that the plaintiffs had an easement to build their dam across the river, but insisted that as the damage was not done within the close described, they could not recover for it in this action. 3 Stark. Ev. 1451; [5th Amer. edit. *vol.* 2, *p.* 814;] *Phillips* v. *Howgate*, 5 Barn. & Ald. 220; *Sampson* v. *Coy*, 15 Mass. R. 493.

*Per Curiam.* The opinion of the judge at the trial is confirmed, to wit, that evidence of a trespass committed on a part of the dam not within the mill lot, which is the close described, was not admissible, it being a distinct cause of action, of which the defendant had no notice by this declaration

<div style="text-align:center">

*Judgment according to verdict.*